IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Deborah Breen., Pro Se'
Plaintiff

V.

HOWARD LEE SCHIFF, P.C.
Defendant
DISCOVER BANK aka DFS SERVICES
LLC Co-Defendant

Case No: 3:11 CV 1183 (VLB)

Civil Rights Violation Complaint
Trial By Jury Demanded

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

1. **Comes now** the Plaintiff Deborah Breen :

Plaintiff's Complaint is based on the Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.* (FCRA) and the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* (FDCPA)

At all times hereinafter mentioned, The Plaintiff is a resident of New Haven County State of Connecticut. From here forward Deborah Breen, will be known as the Plaintiff.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. §1681(p)* and *15 U.S.C. §1692k(d)* and which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. The Defendant HOWARD LEE SCHIFF, P.C. is a third party debt collector and conducts business in the state of Connecticut and is located at 510 Tolland Street, East Hartford, CT as such is governed under the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.*(DCPA) Plaintiff brings this action to the fact as to how an alleged account was or was not validated and continued collection activities' and wrongful actions without providing proof of an alleged account to the Plaintiff in the attempted collection of the alleged account, <u>violated the civil rights</u> of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.*

4. The Co-Defendant DISCOVER BANK aka DFS Financial Services LLC et al conducts business in the state of Connecticut and is headquartered at 12 Reads Way, New Castle,

1

DE 19720-1649 and they are licensed to do business in the State of Connecticut. As such is governed under the law by Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.*

5. The Co-Defendant, DISCOVER BANK aka DFS Financial Services LLC et al is a Credit Lender as such is governed under the law by The Fair Credit Reporting Act 15 USC *§1681 et seq.* and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis. The State of Connecticut abides by and adheres to these laws. Specifically the Fair Credit Reporting Act *15 USC §1681, et seq*

6. The Plaintiff brings this action to the fact as to how an alleged account was or was not reported correctly and reported erroneous and inaccurate information in the Plaintiffs Credit reports and failed to provide proof of the alleged account. And wrongful actions of the Co-Defendant in the credit reporting of the alleged account, <u>violated the civil rights</u> of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, *et seq*. and the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* Plaintiff reserves the right to amend his complaint as other Defendants become evident.

## PRELIMINARY STATEMENT

7. Plaintiff brings this action for damages based upon Defendants, HOWARD LEE SCHIFF, P.C. for violations of the Fair Debt Collection Practices Act *15 U.S.C. §1681, et seq*. Continued collection activity without providing proof of an alleged account and failure to provide proof of the alleged account.

8. Plaintiff brings this action for damages based upon Co-Defendants violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 <u>et seq</u>. ("FCRA"). Reporting erroneous and inaccurate information in the Plaintiffs' Credit Report and for willful and negligent non-compliance. DISCOVER BANK aka DFS Financial Services LLC is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), (n) & (o) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## INTRODUCTION

9. On or about August 13, 2010 the Defendant contacted the Plaintiff via US Mail with a notice of an alleged debt that was owed.

2

10. On or about September 3, 2010 the Plaintiff sent a letter of Dispute and Validation to the Defendant and co-defendant via certified US Mail #70093410000189507998, which the Defendant received on September 7th 2010, the Plaintiff also demanded they cease and desist all collection activity until they provide proof of the alleged debt, and until they do so, the alleged debt is not Valid.

11. The Defendant sent a second letter to the Plaintiff on or about September 13, 2010 indicating again to pay the account without verification of the alleged debt. Continuing collection activity without providing proof of the alleged debt.

12. On or about December 13, 2010, the Defendant served a summons and complaint on the Plaintiff prior to verification of the alleged debt. Again continuing collection activity without providing proof of the alleged debt.

13. On or about February 16, 2011 the Plaintiff sent a second letter, via certified US Mail #70093410000189552271, to the Defendant and Co-Defendant, to Cease and Desist collection and to withdraw complaint until the alleged debt was validated; which the Defendant received on February 22nd 2011.

14. The Defendant sent a third letter to the Plaintiff on or about February 25, 2011 indicating "if a resolution to this matter is not settled, we will proceed to judgment". Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and threatening legal action.

15. To date the Defendant has failed to validate the alleged debt

16. The Defendant has done continued collection activity through today's date by filing a suit in the Local County Court. Again continuing collection activity without providing proof of the alleged debt.

17. On or about October 26th 2010 the Plaintiff requested copies of his credit report from the three national credit reporting agencies Trans Union, Experian and Equifax. Upon review the Plaintiff found that the Co-Defendant was reporting erroneous, inaccurate and derogatory information in the plaintiff's credit reports. On or about 4/1/11, the plaintiff noticed no changes to the three national credit reports.

18. The Plaintiff again contacted the Co-Defendant at two different addresses by U.S. Postal Service Certified Mail Return Receipt # 7010 3090 0002 9332 9963 and 7010 3090 0002

3

9332 9970 on or about April 8, 2011 (see **Exhibit A**) with receipt of said letters on or about April 11, 2011, again disputing the information in the Plaintiff's credit report.

19. The Plaintiff contacted Trans Union and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7009 3410 0001 8959 1461 on April 18th, 2011 (see **Exhibit C**) and said letter was received on April 20th 2011.

20. The Plaintiff contacted Experian and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 3410 0001 8959 1454 on April 18th, 2011 (see **Exhibit D**) and said letter was received on April 22, 2011.

21. The Plaintiff contacted Equifax and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7009 3410 0001 8959 1447 on April 18th, 2011 (see **Exhibit E**) and said letter was received on April 21, 2011.

22. The Co-Defendant DISCOVER BANK has been reporting erroneous and inaccurate information in the Plaintiff's credit reports since September 7, 2010 in all three credit reporting bureaus.

## Count I against the Defendant Under DCPA

Failure to validate the alleged debt/account: Failure to provide proof of alleged debt/account Initial contact on or about August 13, 2010.

### § 809. Validation of debts 15 USC 1692g

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

Plaintiff demands Judgment in the amount of $1000.00

## Count II against the Defendant Under DCPA

Continued collection activity: Second letter received on or about September 15, 2010 requesting payment, again failing to provide proof of the alleged account

In violation of **§ 809. Validation of debts 15 USC 1692g**

Plaintiff demands Judgment in the amount of $1000.00

## Count III against the Defendant Under DCPA

Continued collection activity: Third letter received on or about February 27, 2011 requesting payment, and stating "if a resolution to this matter is not settled, we will proceed to judgment". Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and threatening legal action

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

A debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct ia a violation of the section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of-

5

(A) the character, amount or legal status of any debt: or

(B) any services rendered or compensation which may be lawfully received bya any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from and attorney.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The treat to take any action that cannot legally be taken or that is not intended to be taken.

Plaintiff demands Judgment in the amount of $2000.00

### Count IV against the Defendant Under DCPA

Continued collection activity: Serving the Plaintiff a summons to local court and complaint on or about 12/13/10. Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and threatening legal action

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count V against the Defendant Under DCPA

Continued collection activity: Filing suit in the local court on or about 1/20/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and threatening legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count VI against the Defendant Under DCPA

Continued collection activity: Filing a motion for admissions in the local court on or about 2/09/11 ; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count VII against the Defendant Under DCPA

Continued collection activity: Filing a motion in the local court on or about 3/3/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count VIII against the Defendant Under DCPA

Continued collection activity: Filing a motion in the local court on or about 4/4/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count IX against the Defendant Under DCPA

Continued collection activity: Filing a motion in the local court on or about 4/07/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count X against the Defendant Under DCPA

Continued collection activity: Filing a motion in the local court on or about 4/18/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XI against the Defendant Under DCPA

Continued collection activity: Filing a motion in the local court on or about 4/28/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XII against the Defendant Under DCPA

Continued collection activity: Filing a motion in the local court on or about 5/23/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XIII against the Defendant Under DCPA

Continued collection activity: Filing a motion in the local court on or about 7/06/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XIV against the Defendant Under DCPA

Continued collection activity: Sending a letter to the Plaintiff, about short calendar in the local court, on or about 4/12/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XV against the Defendant Under DCPA

Continued collection activity: Sending a letter to the Plaintiff on or about 5/18/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XVI against the Defendant Under DCPA

Continued collection activity: Sending a letter to the Plaintiff on or about 7/13/11, about short calendar; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XVII against the Defendant Under DCPA

Continued collection activity: Defendant's order for the Plaintiff to appear in the local court, on 5/23/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XVIII against the Defendant Under DCPA

Continued collection activity: Defendant's order for the Plaintiff appear in the local court, on 7/18/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XIX against the Defendant Under DCPA

Continued collection activity: Sending a letter to the Plaintiff on or about 4/7/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XX against the Defendant Under DCPA

Continued collection activity: Sending a letter to the Plaintiff on or about 5/23/11; Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XXI against the Defendant Under DCPA

Continued collection activity: Sending a letter to the Plaintiff on or about 4/12/11, Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XXII against the Defendant Under DCPA

Continued collection activity: Sending a letter to the Plaintiff on or about 5/18/11, about short calendar, Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XXIII against the Defendant Under DCPA

Continued collection activity: Sending a letter to the Plaintiff on or about 7/13/11, about short calendar, Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

### Count XXIV against the Defendant Under DCPA

Continued collection activity: Sending a letter to the Plaintiff on or about 3/8/11, about short calendar, Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

## Count XXV against the Defendant Under DCPA

Continued collection activity: Sending a letter to the Plaintiff on or about 7/21/11, about short calendar, Again continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and continuing threats of legal action.

In violation of **§ 809. Validation of debts 15 USC 1692g**

In violation of **§ 807 False or misleading representations 15USC 1692e**

Plaintiff demands Judgment in the amount of $2000.00

**WHEREFORE,** The Defendant has violated the DCPA and the Plaintiffs rights under the law Plaintiff has disputed and asked for validation of the alleged account with the Defendant in a timely manner as required under DCPA.

**§ 813. Civil liability 15 USC 1692i**
  (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure;
  (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
      (B) in the case of a class action,
          (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and
          (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
  (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

The Defendant has damaged the Plaintiff both monetarily and emotionally. The Plaintiff is not a lawyer and has been subjected to extreme stress and has been damaged emotionally. The Plaintiff has had to spend thousands of hours, reading Federal and State laws, rules of procedure, preparing motions and going to court; in order to defend herself. The loss of time, which the Plaintiff has had to spend on defending herself, is extreme and can never be retrieved. Plaintiff

demands judgment for punitive damages for $500,000.00 along with $48,000.00 for their violations of DCPA and any other damages the court deems permissible.

### Count I against the Co-Defendant under FCRA

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

(a) In general. Any person who **willfully** fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Civil liability for knowing noncompliance. Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

(c) Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper. As a result of defendants' willful failure to comply with the FCRA, Co-defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

Plaintiff restates and reiterates herein all previous paragraphs.

Plaintiff demands judgment in the amount of $33,000.00 This is based on every month that the Defendant violated the FCRA (eleven months) by willfully failing to comply with the

13

requirements of the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every month that the Defendant fails to comply with the FCRA and its regulations.

## Count II against the Co-Defendant under FCRA

**Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

  Plaintiff demands judgment in the amount of $33,000.00. This is based on every month that the Defendant violated the FCRA (eleven months) by negligently failing to comply with the requirements imposed under the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every month that the Defendant fails to comply with the FCRA and its regulations.

## Count III against the Co-Defendant under FCRA:

  The plaintiff has disputed with the Co-Defendant's and all three credit reporting agencies and the Co-Defendant has not complied with the FCRA. The Co-Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's character by saying that the Plaintiff doesn't pay his bills.

**Reporting erroneous and inaccurate information**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies:**

(a)Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any

information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

**(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate: and**

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) **Duty to provide notice of dispute**. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681 i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that

compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611 (a)(1) [§ 1681 i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

Plaintiff demands judgment in the amount of $33,000.00. This is based on every month that the Defendant violated the FCRA (eleven months) by reporting erroneous and inaccurate information, times $1000.00, times three for each of the three national credit reporting bureaus. This is allowed for every month that the Defendant fails to update the report by marking the alleged account in dispute.

### Count IV against the Co-Defendant under FCRA

The Co-Defendant DISCOVER BANK has failed to indicate that the Plaintiffs credit report is in dispute in the Plaintiffs three credit reports as the Co-Defendant has not provided proof of any alleged account from August 2010 and through today in all three credit reporting bureaus. Co-Defendant has failed to indicate that the alleged account is in dispute.

**Failure to mark the account in dispute**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies**

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more

16

consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

The Plaintiffs credit reports from Experian, Trans Union, and Equifax do not reflect that the information is disputed by the consumer even though the Plaintiff has sent a letter of dispute to the Defendant and to date the Defendant has not responded.

Plaintiff demands judgment in the amount of $33,000.00. Based on every month (eleven months) the Defendant has failed to mark the account in dispute times $1000.00 per violation, times all three national credit bureaus. The Defendant has broken the FCRA by updating the reports each month without marking the alleged account in dispute.

## Count V against the Co-Defendant under FCRA

**§ 615. Requirements on users of consumer reports *15 U.S.C. § 1681m(G)***

(2) upon request of the consumer to whom the debt purportedly relates, provide to the consumer all information to which the consumer would otherwise be entitled if the consumer were not a victim of identity theft, but wished to dispute the debt under provisions of law applicable to that person.

Plaintiff demands judgment in the amount of $1,980,000.00. This is based on every day that the Co-Defendant violated the FCRA in Plaintiffs credit reports (eleven months through today) by willfully failing to comply with the requirements of the FCRA ,by reporting erroneous information and failure to dispute, two times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every day that the Co-Defendant fails to comply with the FCRA and its regulations.

## Summation

Plaintiff has disputed the alleged accounts with the Co-Defendant and the Credit Reporting Agencies in a timely manner. And therefore the Co-Defendant is now reporting erroneous and inaccurate information on the Plaintiff's credit reports and the Co-Defendant has failed to provide proof of the account as requested by the Plaintiff. The Plaintiff has had to endure ongoing collection activity, on an invalid claim, in the local court. The Plaintiff is not a lawyer and has been subjected to extreme stress and has been damaged emotionally. The Plaintiff has had to spend thousands of hours, reading the federal and state laws, rules of procedure, preparing motions and going to court; in order to defend herself. The loss of time, which the Plaintiff has had to spend on defending herself, is extreme and can never be retrieved. The Plaintiff now has a negatively impacted credit score as of this date and has been denied credit and/or denied credit at reasonable rates because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and/or inaction's of the Co-Defendant. Co-Defendant has not only violated the Plaintiff's civil rights but damaged the Plaintiff both monetarily and emotionally.

**WHEREFORE,** the Co-Defendant has violated the Fair Credit Reporting Act.

Plaintiff demands Judgment in the amount of $2,112,000.00 plus all costs of this action along with punitive damages in the amount of $500,000.00, for their violations of FCRA and any other damages the court deems permissible.

Respectfully submitted this 27th Day of July, 2011.

*[signature]*

Deborah Breen
24 High Hill Circle
Madison, CT  06443
d_breenie@yahoo.com
(203) 421-5931
fax (801) 421-5932