**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DEBORAH BREEN, | : |
|     PLAINTIFF, | : |
| | : CIVIL ACTION NO. 3:11cv1183(VLB) |
| | : |
| v. | : JUNE 20, 2012 |
| | : |
| HOWARD LEE SCHIFF, P.C.; | : |
| DISCOVER BANK AKA DFS SERVICES LLC | : |
|     DEFENDANTS. | : |

<u>**MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS [DKT. #9].**</u>

      Before the Court is Defendants, Law Offices Howard Lee Schiff, P.C.

("Schiff") and Discover Bank's aka DFS Services LLC ("Discover") motion for

judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Plaintiff Deborah Breen, proceeding *pro se*, brings this action for alleged

violations of the Fair Debt collection Practices Act ("FDCPA"), 15 U.S.C. sections

1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. sections 1681

*et seq.*  Defendants argue they are entitled to judgment on the pleadings because

they validated Plaintiff's debt in compliance with the FDCPA, there is no private

right of action under Sections 1681m and 1681s-2(a) FCRA, and that Plaintiff

failed to plausible alleged a violation of Section 1681s-2(b) of the FCRA.  For the

reasons stated hereafter, Defendants' motion for judgment on the pleadings is

granted.

**Alleged Facts**

The following facts are taken from Plaintiff's complaint.   Plaintiff alleges that Schiff violated the FDCPA through "[c]ontinued collection activity without providing proof of an alleged account and failure to provide proof of the alleged account."  [Dkt. #1, Compl. at ¶7].  Plaintiff alleges that Discover violated the FCRA "section 1681s-2(a) & (b), (n) & (o) through "[r]eporting erroneous and inaccurate information in the Plaintiff's Credit Report and for willful and negligent non-compliance."  [*Id.* at ¶8].

Plaintiff alleges that on August 13, 2010, "the Defendant contacted the Plaintiff via US Mail with a notice of an alleged debt that was owed."  [*Id.* at ¶9]. On September 3, 2010, "Plaintiff sent a letter of dispute and validation to the Defendant and co-defendant via certified mail" in which Plaintiff "demanded they cease and desist all collection activity until they provide proof of the alleged debt."  [*Id.* at ¶10].

Plaintiff alleges that Defendant "sent a second letter to the Plaintiff on or about September 13, 2010 indicating again to pay the account without verification of the alleged debt.  Continuing collection activity without providing proof of the alleged debt."  [*Id.* at ¶11].  Defendants have provided a copy of the September 13, 2010 letter in connection with its motion for judgment on the pleadings.  *See* [Dkt. #9, Ex. 3].  The Court may review the September 13, 2010 letter as it has been incorporated by reference into and is integral to the complaint.  *See Derisme v. Hunt Leibert Jacobson, PC*, No.3:10-cv-244(MRK), 2010 WL 4683916, at *1 (D.

2

Conn. Nov. 10, 20100 (citing *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)).  The Court notes that the motion for judgment on the pleadings includes the Latter and the Plaintiff has raised no objection to the Court's consideration of the letter.  In the letter, Schiff indicated that it has enclosed the information Plaintiff had requested and enclosed a copy of Plaintiff's Discovery card account statement (the "Statement").  The Statement indicated that account belonged to Deborah Breen, 24 High Hill Cir, Madison CT 06443-1829" and included an internal charge-off in the amount of $9070.90.  [Dkt. # 9, Ex. 3].

Plaintiff alleges that on December 13, 2010, the "Defendant served a summons and complaint on the Plaintiff prior to verification of the alleged debt.  Again continuing collection activity without providing proof of the alleged debt."  [Dkt. #1, Compl. at ¶12].   Plaintiff then sent a second letter on February 16, 2011 to "Cease and Desist collection and to withdraw the complaint until the alleged debt was validated."  [*Id.* at ¶13].  Plaintiff alleged that Defendant then sent a third letter on February 25, 2011 "indicating 'if a resolution of this matter is not settled, we will proceed to judgment."  [*Id.* at ¶14].  Plaintiff alleges that this letter was "continuing collection activity without providing proof of the alleged debt, misrepresenting the status of the debt and threatening legal action."  [*Id.*].  Plaintiff alleges that "[t]o date the Defendant has failed to validate the alleged debt" and that the "Defendant has done continued collection activity through today's date by filing a suit in the Local County Court."  [*Id.* at ¶¶15-16].

Plaintiff alleges that on October 26, 2010, "requested copies of his credit report from three national credit reporting agencies Trans Union, Experian and Equifax" and that "[u]pon review the Plaintiff found that the Co-Defendant was reporting erroneous, inaccurate and derogatory information in the plaintiff's credit reports." [*Id.* at ¶17].  Plaintiff alleges that on April 8, 2011 she contacted Discover at two different U.S. Postal addresses and disputed the information in the credit report. [*Id.* at ¶18].  Plaintiff also alleges that on April 18, 2011 she "contacted Trans Union and disputed the erroneous and inaccurate information." [*Id.* at ¶19].  Plaintiff further contacted Experian and Equifax on April 18, 2011 and likewise "disputed the erroneous and inaccurate information." [*Id.* at ¶¶20-21]. Lastly, Plaintiff alleges that Discover "has been reporting erroneous and inaccurate information in the Plaintiff's credit reports since September 7, 2010 in all three credit reporting bureaus." [*Id.* at ¶22].

In Plaintiff's FDCPA Counts I-XXV, Plaintiff alleges that Schiff violated 15 U.S.C. 1692g and 1692e by failing to "provide proof of the alleged debt," failing to cease collection activity prior to providing verification of the debt, threatening legal action, and misrepresenting the status of the debt in connection with each action Schiff took to prosecute the action it filed in the "Local County Court." [*Id.* at p. 4-12].

In Plaintiff's FCRA Counts I-V, Plaintiff alleges that Discover violated FCRA Sections 1681s-2(a) & (b), 1681m(g), 1681n  and 1681o by their (i) willful noncompliance with the FCRA; (ii) negligent noncompliance with the FCRA; (iii)

reporting erroneous and inaccurate information; and (iv) by failing to indicate that Plaintiff's credit report is in dispute.  [*Id.* at p. 12-17].

### Legal Standard

The standard for judgment on the pleadings is essentially the same as the standard applied to a motion to dismiss under Federal Rule of Civil Procedure. *See Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009).   "The Court must accept as true all of the factual allegations in the complaint—which is deemed to include any written instrument attached to the complaint as an exhibit, any materials incorporated into it by reference, and any other documents that are integral to it, and must draw all reasonable inferences from those factual allegations in the plaintiff's favor."  *Derisme*, 2010 WL 4683916, at *1.  The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A claim to relief is plausible on its face "when the plaintiff pleads fact[s] ... that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).

"The *Twombly* and *Iqbal* 'plausibility' standard applies in cases involving *pro se* plaintiffs as well as in cases involving plaintiffs who are represented by counsel."  *Id.* (citing *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir.1999)).   "Even after *Twombly,* however, the Court must construe the pleadings of *pro se* litigants liberally, because '[i]mplicit in the right to self-representation is an obligation on

the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (quoting *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir.2007)).

<u>Analysis</u>

    *i.    Defendants verified Plaintiff's debt and therefore did not violate the FDCPA*

Schiff argues that it timely and appropriately validated Plaintiff's debt in its September 13, 2010 letter and therefore did not violate the FDCPA.   Since Plaintiff references and relies on Schiff's September 13, 2010 letter in her complaint, the Court may review a copy of the letter in its analysis on Defendants' motion for judgment on the pleadings.  Under Section 1692g(b), "If the consumer notifies the debt collector in writing … that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector"  §1692g(b).

"Verification of a debt requires only that the debt collector obtain a written statement that 'the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt.'" *Bascom v. Dubin*, No.03-CV-6160T, 2007 WL 210387, at *3 (W.D.N.Y. Jan. 25, 2007) (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1998)); *see*

also *Stonehard v. Rosenthal*, No.01Civ.651(SAS), 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001); *Blanc v. Palisades Collection*, LLP, No.06Civ.1626(CLB), 2007 WL 3254381, at *7 (S.D.N.Y. Nov. 1, 2007). "[V]erification is only intended to 'eliminate the ... problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Chaudhry,* 174 F.3d at 406 (quoting S.Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699).

Here, Schiff's September 13, 2010 letter which enclosed a copy of the Plaintiff's Discover Card Statement unequivocally satisfied its obligation under the FDCPA to verify the debt. Indeed, the Statement indicated that the amount being demanded is what the creditor claimed was owed. Moreover, the Statement served the purpose of the verification requirement by ensuring that Schiff was not dunning the wrong person or attempting to collect debts which the consumer had already paid. It appears that Plaintiff is under the misimpression that the Statement included in Schiff's September 13, 2010 letter did not fulfill the verification requirement and that Schiff was obligated to do more. However, the FDCPA does not require the debt collector to keep detailed files of the alleged debt and the information contained in the Statement more than satisfied the verification requirement of Section 1692g(b).

Plaintiff's Section 1692e claim appears to be predicated on her Section 1692g(b) allegation that Schiff failed to verify her debt. Plaintiff appears to allege that since Schiff failed to verify the debt in accordance with Section 1692g(b) that by law it had to cease collection of the debt and therefore when Schiff proceeded to take actions to collect the debt it had threatened to take any action that cannot

legally be taken and misrepresented the status of the debt in violation of Section 1692e.  Since Schiff did verify the debt before taking any further action to collect the debt, Schiff did not threaten not took any action that could not be legally be taken nor misrepresented the status of the debt and therefore did not violate Section 1692e.  Since Schiff appropriately and timely verified the debt in the September 13, 2010 letter, Schiff in no way violated the FDCPA by instituting and prosecuting a state court action to collect Plaintiff's debt.  The Court therefore grants Defendants' motion for judgment on the pleadings with respect to Plaintiff's FDCPA claims.

ii.   *There is no private right of action available to Plaintiff under the FCRA for violations of 1681m and 1681s-2(a)*

Plaintiff alleges that Discover willfully and negligently violated sections 1681m(g) and Section 1681s-2(a) and (b) of the FCRA.  Section 1681s-2 of the FCRA "sets forth the responsibilities of those who furnish information to credit reporting agencies." *Longman v. Wachovia Bank, N.A.*, 3:09cv01669(JCH), 2011 WL 4352102, at *3 (D. Conn. Sept. 16, 2011).  Section 1681s-2(a) "establishes eight duties of furnishers of information, including the duties to provide accurate information and to correct inaccurate information."  *Id.*  Section 1681–2(b) "imposes a duty upon those who furnish information to credit reporting agencies to conduct an investigation upon notice that a consumer has disputed the accuracy or completeness of reported information." *Id.* (citing §1681s-2(b)(1)).

Section 1681m sets forth requirements on users of consumer reports and Section 1681m(g) states that "[i]f a person acting as a debt collector (as that term

is defined in subchapter V of this chapter) on behalf of a third party that is a creditor or other user of a consumer report is notified that any information relating to a debt that the person is attempting to collect may be fraudulent or may be the result of identity theft, that person shall--(1) notify the third party that the information may be fraudulent or may be the result of identity theft; and (2) upon request of the consumer to whom the debt purportedly relates, provide to the consumer all information to which the consumer would otherwise be entitled if the consumer were not a victim of identity theft, but wished to dispute the debt under provisions of law applicable to that person."  15 U.S.C. §1681m(g).

"The FCRA provides a private right of action for both negligent and willful noncompliance."  *Longman*, 2011 WL 4352102, at \*3 (citing 15 U.S.C. §§ 1681n, 1681o permitting a private right of action for negligent or willful noncompliance with the FCRA).  However, this private right of action does not apply to violations of Section 1681s-2(a).  Section 1681s–2(c) "provides that sections 1681n and 1681o do not apply to any violation of section 1681s–2(a)" *Id.* (citing 15 U.S.C. § 1681s–2(c)).  "Instead, federal agencies, federal officials, and specified state officials have exclusive authority to enforce section 1681s–2(a)" and "[c]onsequently, Congress has not provided a private right of action to challenge a violation of the duties required of a furnisher under 15 U.S.C. § 1681s–2(a)." *Id.*; *see also MacPherson v. JP Morgan Chase Bank*, No. 3:09cv1774 (AWT), 2010 WL 3081278, at \*4 n.6 (D. Conn. Aug. 5, 2010) ("There is no private right of action for a violation of section 1681s–2(a), and individuals aggrieved by a violation must rely on state or federal officials to sue on their behalf").

9

In addition, "there is no private right of action for violations of section 1681m." *Ogbon v. Beneficial Credit Servs., Inc.*, no.10cv03760(GBD), 2011 WL 2847927, at *3 (S.D.N.Y. July 8, 2011).  Section 1681m(h)(8)(A) "provides that 'no civil actions' shall be brought for 'failure by any person to comply with this section.'"  *Id.* (citing § 1681m(h)(8)(A)).   "Although this issue has not yet been addressed by the Court of Appeals for the Second Circuit or the United States Supreme Court of the United States, [v]irtually every federal district court and the only federal court of appeals to interpret § 1681m(h)(8) has found it to be clear and unambiguous: the word 'section' means 'section,' and thus no private right of action exists for violations of section 1681m in its entirety."  *Id.* at *3 n.7 (internal quotation marks and citations omitted).  Consequently, Plaintiff has no private right of action to bring a claim against Discover on the basis that Discover negligently or willfully violated either Section 1681m or 1681s–2(a) and therefore the Court grants Defendants' motion for judgment on the pleadings as to the Plaintiff's claim that Discover violated Sections 1681m and 1681s–2(a).

   iii.   *Plaintiff fails to plausibly state a claim for a violation of Section 1681s-2(b) of the FCRA*

   "Although there is a division of authority, most courts to have considered the issue have concluded that consumers may pursue claims for willful or negligent noncompliance with Section 1681s-2(b)."  *Elmore v. North Fork Bancorporation, Inc.*, 325 F.Supp.2d 336, 339-340 (S.D.N.Y. 2004) (citing *O'Diah v. New York City*, No.02Civ.0274(DLC), 2002 WL 1941179, at *13 (S.D.N.Y. Aug. 21, 2002) (collecting cases)).  Assuming a private right of action exists, Section 1681s-2(b) "imposes a duty upon those who furnish information to credit

reporting agencies to conduct an investigation upon notice that a consumer has disputed the accuracy or completeness of reported information." *Longman,* 2011 WL 4352102, at *4 (citing 15 U.S.C. §1681s-2(b)).  However, in order to trigger this duty, the furnisher must receive "notice pursuant to section 1681 i(a)(2)."  *Id.* Section 1681i(a)(2) "requires any credit reporting agency who receives notice of disputed information to report that dispute to the person who furnished the information and to provide all relevant information received from the consumer disputing the information.   Accordingly, to trigger a furnisher's duty to investigate, the furnisher must receive notice from a credit reporting agency, not from a consumer directly."  *Id.*; *Elmore*, 325 F.Supp.2d at 340 ("Even assuming the existence of a private right of action for violation of Section 1681s–2(b), that right of action exists only for violations post-dating the furnisher's receipt of a report *from the credit reporting agency.*") (emphasis in original).

Defendants argue that Plaintiff fails to allege that Discover's duty to investigate had been triggered and therefore they are entitled to judgment on the pleadings.  Here, Plaintiff's complaint alleges that she contacted Discover on April 8, 2011 to dispute the information contained in the report. [Dkt. #1, Compl. at ¶17].  Plaintiff also alleges that she contacted Trans Union, Experian, and Equifax on April 18, 2011 to dispute the allegedly erroneous and inaccurate information. [*Id.* at ¶19-22].  Even construing Plaintiff's pro se complaint to raise the strongest argument it fails to state a claim that is plausible as Plaintiff does not allege that Discover received notification of the disputed information from Trans Union, Experian, or Equifax.  Plaintiff has wholesale failed to allege facts

11

which demonstrate that Discover's duty to investigate under Section 1681s-2(b) was triggered through receipt of a report from the credit reporting agency itself. *See e.g., Campanella v. Solomon & Solomon, P.C.,* No.1:10-cv-0037, 2011 WL 940293, at *3 (N.D.N.Y. Mar. 16, 2011) ("Although the complaint alleges that plaintiff contacted three credit reporting agencies to report a dispute, there is no allegation that defendant received notification of the disputed debt from a credit reporting agency.  Thus, the complaint fails to state a plausible claim [under Section 1681s-2(b)]."); *Salib v. I.C. Sys., Inc.,* No.Civ.3:01-cv-1083(JCH), 2002 WL 31060368, at *2 (D. Conn. Jul. 24, 2002) ("liability hinges on whether or not I.C. System failed to conduct an investigation with respect to Salib's claim that the debt was not owing. I.C. System's obligation to investigate under the FCRA is not triggered unless a credit reporting agency, not the plaintiff, notified it of the dispute.").

Even assuming that Plaintiff had alleged that Discover was notified of the dispute by a credit reporting agency, Plaintiff's complaint would still fail to state a plausible claim as there are no allegations that Discover failed to carry out an investigation or did not reasonably investigate the reported dispute.   Under Section 1681s-2(b)(1), once the duty to investigate is triggered the creditor must "conduct an investigation with respect to the disputed information," "review all relevant information provide by the consumer reporting agency," "report the results of the investigation to the consumer reporting agency," and "if the information is incomplete or inaccurate, report those results to all other consumer reporting agencies" that the creditor provided with the incorrect

information.  15 U.S.C. § 1681s-2(b)(1).   Although the Second Circuit has not interpreted the requirement to investigate under Section 1681s-2(b)(1) "other circuits and districts courts have construed the phrase as assuming a reasonableness standard for judging the adequacy of the required investigation" *Okocha v. HSBC Bank USA, N.A.*, 700 F.Supp.2d 369, 374 (S.D.N.Y. 2010) (collecting cases); *Amendoeira v. Monogram Credit Card Bank of Georgia*, No.CV05-4588, 2007 WL 2325080, at *1 (E.D.N.Y. Aug. 7, 2007 ) ("While the FCRA does not state with specificity the type of investigation required, courts have required a 'reasonable investigation' to determine whether disputed information can be verified" under Section 1681s-2(b))  (citations omitted).  Here, Plaintiff's complaint contains no allegations that Discover either failed to investigate or did not reasonably investigate the reported dispute.  For example, Plaintiff has not alleged that Discover failed to review all relevant information or report the results of the investigation to the consumer reporting agency.  Accordingly, Plaintiff's complaint does not contain enough facts to state a claim to relief that is plausible on its face for a violation of Section 1681s-2(b) and the Court therefore grants Defendants' motion for judgment on the pleadings as to Plaintiff's Section 1681s–2(b) claim.

Further, it would be futile to allow Plaintiff leave to amend her Section 1681s-2(b) claim as Plaintiff was put on notice of the deficiencies in her complaint by the Defendants in their motion for judgment on the pleadings and declined to amend the complaint.  Indeed, Plaintiff argued in opposition to the motion for judgment on the pleadings that the pleadings were sufficient to state a claim

under Section 1681s-2(b) as she had alleged that she had notified Discover Bank and credit reporting agencies which are clearly insufficient as a matter of law to state a plausible claim for relief.   Accordingly, the Court grants Defendants' motion for judgment on the pleadings as to all of Plaintiff's FCRA claims.

Conclusion

Based upon the above reasoning, Defendants' [Dkt. #9] motion for judgment on the pleadings is GRANTED.  The Clerk is directed to close the case.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: June 20, 2012

14